ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| JANNETTE IVELISSE PÉREZ RODRÍGUEZ<br><br>Peticionaria<br><br>v.<br><br>VÍCTOR JADIEL LASANTA NORIEGA Y OTROS<br><br>Recurrido | KLCE202400495 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: TA2023CV00497<br><br>Sobre: Usucapión; Cumplimiento de Estipulaciones de Divorcio |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de mayo de 2024.

Comparece Jannette Ivelisse Pérez Rodríguez (en adelante, señora Pérez Rodríguez o peticionaria) mediante una *Petición de Certiorari*, para solicitarnos la revisión de la *Resolución* emitida y notificada el 5 de abril de 2024, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, TPI).[1] Mediante la *Resolución* recurrida, el foro primario declaró *No Ha Lugar* una solicitud de sentencia sumaria presentada por la peticionaria.

Por los fundamentos que expondremos, se *deniega* la expedición del auto de *Certiorari*.

I

El 23 de mayo de 2023, la señora Pérez Rodríguez presentó una *Demanda* sobre usucapión y cumplimiento de estipulaciones de divorcio en contra del menor Víktor Jadiel Lasanta Noriega (menor

---

[1] Apéndice del recurso, a las págs. 1-14.

Número Identificador

RES2024_____

VJLN o recurrido), como miembro de la sucesión[2] del Sr. Víctor Lasanta García (en adelante, señor Lasanta García o causante), que por ser menor de edad estaba representado por su madre, la Sra. Roxanna Noriega De La Garza (en adelante, señora Noriega De La Garza o recurrida), John Doe y Janet Doe (en adelante, parte recurrida).[3] Posteriormente, el 31 de mayo de 2023, la peticionaria presentó su *Demanda Enmendada* a los fines de incluir como demandados a la Sra. Jann Marie Lasanta Pérez, la señora Noriega De La Garza y la Sra. Marilyn Matos Ortiz.[4]

Por su parte, el 28 de junio de 2023, la señora Noriega De La Garza, presentó su *Contestación a Demanda* en la cual negó la mayoría de las alegaciones y esbozo sus defensas afirmativas.[5]

Tras varios trámites procesales los cuales no son necesarios pormenorizar, el 8 de enero de 2024, la peticionaria presentó su *Moción Solicitando Sentencia Sumaria.*[6] Por otro lado, el 27 de marzo de 2024, la señora Noriega De La Garza, presentó su *Oposición a Moción Solicitando Sentencia Sumaria.*[7]

Luego de examinar los argumentos presentados por las partes, el 5 de abril de 2024, el TPI emitió y notificó la *Resolución* recurrida, en la cual declaró No Ha Lugar la solicitud de sentencia sumaria que presentó la peticionaria.[8] En la *Resolución,* el foro primario consignó veintidós (22) determinaciones de hechos incontrovertidos. Sin embargo, concluyó que existía una controversia de hechos.

---

[2] Resolución de Declaratoria de Herederos: Sra. Jann Marie Lasanta Pérez, mayor de edad, soltera, empleada y vecina de Bayamón, Puerto Rico; Víktor Jadiel Lasanta Noriega, menor de edad y de domicilio desconocido; y Marilyn Matos Ortiz, mayor de edad, soltera, empleada y vecina de San Juan.

[3] *Véase,* entrada Núm. 1 del Sistema Unificado de Manejo y Administración de Caso (SUMAC).

[4] *Véase,* entrada Núm. 4 del SUMAC.

[5] *Id.,* entrada Núm. 14.

[6] Apéndice del recurso, a las págs. 15-34.

[7] *Id.,* a las págs. 35-49.

[8] *Id.,* a las págs. 1-14.

Insatisfecha, el 6 de mayo de 2024, la peticionaria presentó una *Petición de Certiorari*, en la cual esbozó tres (3) señalamientos de error. Al día siguiente de haberse presentado el recurso ante nos, la peticionaria presentó una *Moción en Auxilio de Jurisdicción*, la cual fue denegada por este Tribunal mediante *Resolución* del 7 de mayo de 2024.

Por otro lado, el 16 de mayo de 2024, compareció la parte recurrida mediante *Alegato de Oposición a Expedición de Certiorari*. Con el beneficio de la comparecencia de ambas partes, procederemos a exponer el derecho aplicable.

II

**A. Expedición del Recurso de *Certiorari***

Los recursos de *Certiorari* presentados ante el Tribunal de Apelaciones deben ser examinados en principio bajo la Regla 52.1 de las Reglas de Procedimiento Civil.[9] Esta Regla limita la autoridad y el alcance de la facultad revisora de este Tribunal mediante el recurso de *Certiorari* sobre órdenes y resoluciones dictadas por los Tribunales de Primera Instancia. La Regla lee como sigue:

> […]
> El recurso de Certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de Certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.[10]
> […]

---

[9] 32 LPRA Ap. V, R. 52.1.
[10] *Id.*

Por su parte, la Regla 52.2 (b) dispone sobre los términos y efectos de la presentación de un recurso de *Certiorari* que:

> [...]
> (b) *Recurso de "certiorari"* [...]
> Los recursos de *certiorari* al Tribunal de Apelaciones para revisar resoluciones u órdenes del Tribunal de Primera Instancia o al Tribunal Supremo para revisar las demás sentencias o resoluciones finales del Tribunal de Apelaciones en recursos discrecionales o para revisar cualquier resolución interlocutoria del Tribunal de Apelaciones deberán presentarse dentro del término de treinta (30) días contados desde la fecha de notificación de la resolución u orden recurrida. El término aquí dispuesto es de cumplimiento estricto, prorrogable sólo cuando medien circunstancias especiales debidamente sustentadas en la solicitud de *certiorari*.[11]
> [...]

El recurso de *Certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[12] A diferencia del recurso de apelación, el auto de *Certiorari* es de carácter discrecional.[13] Expedir el recurso "no procede cuando existe otro recurso legal que protege rápida y eficazmente los derechos de la parte peticionaria".[14] Conviene desatacar que la discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[15] A esos efectos, se ha considerado que "la discreción se nutre de un juicio racional apoyado en la razonabilidad y en un sentido llano de justicia y no es función al antojo o voluntad de uno, sin tasa ni limitación alguna".[16] La Regla 40 del Reglamento del Tribunal de Apelaciones[17], esboza los criterios que el Tribunal deberá considerar para expedir un auto de *Certiorari*, como sigue:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

---

[11] 32 LPRA Ap. V, R. 52.2 (b).
[12] *800 Ponce de León, Corp. v. American International Insurance Company of Puerto Rico*, 205 DPR 163, 174 (2020).
[13] *Rivera Figueroa v. Joes's European Shop*, 183 DPR 580, 596 (2011).
[14] *Id.*
[15] *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019); *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013).
[16] *Id.*
[17] 4 LPRA Ap. XXII-B, R.40.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición el auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo de Puerto Rico (en adelante, Tribunal Supremo) ha establecido que un tribunal revisor no debe sustituir circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto.[18] Quiérase decir, no hemos de interferir con los Tribunales de Primera Instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último: (i) actuó con prejuicio o parcialidad, (ii) incurrió en un craso abuso de discreción; o, (iii) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[19]

**B. La Sentencia Sumaria**

Como es sabido, en nuestro ordenamiento, el mecanismo de la sentencia sumaria está regido por la Regla 36 de las Reglas de Procedimiento Civil[20], la cual desglosa los requisitos específicos con los que debe cumplir esta figura procesal.[21] El mecanismo procesal de sentencia sumaria es un remedio discrecional extraordinario que únicamente se concederá cuando la evidencia que se presente con la moción establezca con claridad la existencia de un derecho.[22] Solamente debe ser dictada una sentencia sumaria "en casos claros,

---

[18] *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994).
[19] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).
[20] 32 LPRA Ap. V, R. 36.
[21] *Lugo Montalvo v. Sol Meliá Vacation*, 194 DPR 209, 224 (2015).
[22] *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, 136 DPR 881, 911 (1994).

cuando el Tribunal tenga ante sí la verdad sobre todos los hechos pertinentes".[23]

Ahora bien, reiteradamente el Tribunal Supremo ha indicado que, el mecanismo de sentencia sumaria no es el apropiado para resolver casos en donde hay elementos subjetivos, de intención, propósitos mentales o negligencia, o cuando el factor de credibilidad sea esencial.[24] De la misma manera, también ha dicho que "hay litigios y controversias que por la naturaleza de estos no hacen deseable o aconsejable el resolverlos mediante una sentencia sumariamente dictada, porque difícilmente en tales casos el Tribunal puede reunir ante sí toda la verdad de los hechos a través de 'affidavits' o deposiciones".[25]

El Tribunal Supremo se expresó en cuanto al proceso de revisión de las sentencias sumarias y estableció que en dicho proceso el Tribunal de Apelaciones debe: (i) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de las Reglas de Procedimiento Civil[26], y la jurisprudencia le exigen al foro primario; (ii) revisar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36 de las Reglas de Procedimiento Civil[27]; (iii) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de las Reglas de Procedimiento Civil[28], de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos; y, (iv) y de encontrar que los hechos materiales

---

[23] *Id.*; *Corp. Presiding Bishop CJC of LDS v. Purcell*, 117 DPR 714, 720-721 (1986); *Medina v. M.S. & D. Química P.R., Inc.*, 135 DPR 716, 726 (1994); *Cuadrado Lugo v. Santiago Rodríguez*, 126 DPR 272, 279 (1990).
[24] *Elías y otros v. Chenet y otros,* 147 DPR 507, 521 (1999); *Soto v. Hotel Caribe Hilton,* 137 DPR 294, 301 (1994); *Velázquez Ortiz v. Mun. de Humacao*, 197 DPR 656, 663 (2017).
[25] *Elías y otros v. Chenet y otros, supra; García López v. Méndez García*, 88 DPR 363, 380 (1963).
[26] 32 LPRA Ap. V, R. 36.
[27] *Id.*
[28] 32 LPRA Ap. V, R. 36.4.

realmente están incontrovertidos, debe proceder a revisar de *novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia.[29]

La sentencia sumaria no procederá en las instancias que: (i) existan hechos materiales y esenciales controvertidos; (ii) haya alegaciones afirmativas en la demanda que no han sido refutadas; (iii) surja de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial; o, (iv) como cuestión de derecho, no proceda.[30] Además, al revisar la determinación del TPI respecto a una sentencia sumaria, estamos limitados de dos (2) maneras: (i) solo podemos considerar los documentos que se presentaron ante el foro de primera instancia; y, (ii) solo podemos determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y si el derecho se aplicó de forma correcta.[31] Las partes no pueden añadir en apelación exhibit[s], deposiciones o affidávit[s] que no fueron presentados oportunamente en el foro de primera instancia, ni pueden esbozar teorías nuevas o esgrimir asuntos nuevos por primera vez ante el foro apelativo.[32] Mientras que el segundo limita la facultad del foro apelativo a revisar si en el caso ante su consideración existen controversias reales en cuanto a los hechos materiales, pero no puede adjudicarlos.[33] También, se ha aclarado que al foro apelativo le es vedado adjudicar los hechos materiales esenciales en disputa, porque dicha tarea le corresponde al foro de primera instancia.[34]

### III

Habida cuenta de que el recurso ante nuestra consideración se trata de un *Certiorari*, este tribunal revisor debe determinar, como

---

[29] *Flores v. M. Cuebas, et al.*, 199 DPR 664, 679-680 (2018); *Meléndez González v. M. Cuebas*, 193 DPR 100, 118-119 (2015).
[30] *SLG Fernández-Bernal v. RAD-MAN*, 208 DPR 310, 335 (2021).
[31] *Meléndez González v. M. Cuebas, supra*, 114.
[32] *Id.*
[33] *Id.*, 115.
[34] *Vera v. Bravo*, 161 DPR 308, 335 (2004).

cuestión de umbral, si procede su expedición. En el presente caso, la peticionaria nos solicita la revisión de una *Resolución* que se emititó y notificó el 5 de abril de 2024, mediante la cual denegó una solicitud de sentencia sumaria instada por la parte peticionaria.

Es menester destacar, que la revisión de una denegatoria de sentencia sumaria procede *de novo* ante este foro.[35] Tras analizar la *solicitud de sentencia sumaria y su oposición,* somos del criterio de que las partes cumplieron satisfactoriamente con los requisitos impuestos por la regla antes mencionada. Por consiguiente, resta evaluar si existe una controversia real sobre hechos materiales y esenciales, y si el TPI aplicó correctamente el derecho.

Conviene señalar que, un tribunal apelativo no intervendrá con el ejercicio de la discreción de los Tribunales de Primera Instancia, salvo que se demuestre que dicho tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[36] Puntualizamos, que el *Certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior.[37] A esos efectos, la naturaleza discrecional del recurso de *Certiorari* queda enmarcada dentro de la normativa que le concede deferencia de las actuaciones de los Tribunales de Primera Instancia, de cuyas determinaciones se presume su corrección. Además, la expedición del recurso de *Certiorari* al amparo de la Regla 52.1 de las Reglas de Procedimiento Civil,[38] no opera en el vacío; tiene que anclarse en una de las razones de peso que establece la Regla 40 del Reglamento del Tribunal de Apelaciones.[39]

---

[35] *Roldán Flores v. M. Cuebas, Inc., supra,* 679.
[36] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[37] *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009).
[38] 32 LPRA Ap. V, R. 52.1.
[39] 4 LPRA Ap. XXII-B, R.40.

Evaluado detenidamente el expediente y habiendo considerado *de novo* los escritos y documentos de las partes en torno a la petición de sentencia sumaria, no advertimos error en la determinación efectuada por el foro recurrido en torno a la existencia de hechos en controversia, ni sobre la consecuente denegación de la resolución sumaria de la causa por la existencia de estos, como cuestión de derecho. Es decir, no encontramos indicio de que el TPI haya actuado de forma arbitraria ni caprichosa, o haya abusado en el ejercicio de su discreción o cometido algún error de derecho. Así pues, conforme a los criterios esbozados en la Regla 40 del Reglamento del Tribunal de Apelaciones que guían nuestra discreción para ejercer la facultad revisora ante este tipo de recurso, no identificamos fundamentos jurídicos que nos muevan a expedir el auto solicitado.

Lo aquí resuelto, advertimos, no tiene efecto de juzgar o considerar en los méritos ninguna de las controversias de derecho planteadas por las partes, de modo que estas podrían ser planteadas nuevamente en una etapa posterior. Es decir, la denegatoria de esta Curia a expedir un recurso de *Certiorari* no implica que el dictamen revisado esté libre de errores o que constituya una adjudicación en los méritos.[40] Esto es así, ya que, como es sabido, una resolución de denegatoria de un auto de *Certiorari* no implica posición alguna de este Tribunal respecto a los méritos de la causa sobre la cual trata dicho recurso.[41] La resolución denegatoria simplemente es indicio de la facultad discrecional del tribunal revisor de negarse a revisar en determinado momento una decisión emitida por el TPI.[42]

---

[40] *Cacho Pérez v. Hatton Gotay*, 195 DPR 1, 12 (2016).
[41] *SLG v. Pauneto Rivera*, 130 DPR 749, 755 (1992).
[42] *Id.*, 756.

**IV**

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *Certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones